FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONDA BRYANT,                    }
                                 }
    Plaintiff,                   }
                                 }      CIVIL ACTION NO.
v.                               }      05-AR-1745-S
                                 }
JEFFERSON COUNTY HOUSING         }
AUTHORITY, et al.,               }
                                 }
    Defendants.                  }

**MEMORANDUM OPINION AND ORDER**

The court has before it two motions: the motion to compel filed by plaintiff, Ronda Bryant ("Bryant"), on January 27, 2006, and amended on March 3, 2006; and the motion for protective order filed by defendant, Jefferson County Assisted Housing Corporation, on February 1, 2006, and joined on February 7, 2006, by the remaining defendants, Jefferson County Housing Authority, Lewis McDonald, and David C. Wilkinson. The motions were heard at the court's regular motion docket on February 17, 2006. At that hearing, court granted Bryant one week to amend her motion to reflect which requests for production were still disputed. At Bryant's request, the court extended the deadline for her amended motion from February 24, 2006, to March 3, 2006. Bryant filed her amended motion to compel on March 3, 2006, titled as "Plaintiff and the Jefferson County Assisted Housing Corporation's Report on Status of Plaintiff's Motion to Compel Production of Documents."

After consideration of Bryant's amended motion to compel, the court determines that the remaining materials which Bryant seeks

are not unduly burdensome to produce, and are relevant to her claim for retaliation in violation of the False Claims Act ("FCA").  The narrowing of Bryant's requests numbered 9, 15, 16, and 17 overcomes any claim by defendants that the requests are overly broad.  Defendants' assertion that the materials requested are not reasonably calculated to lead to admissible evidence is likewise misplaced.  If Bryant is to prove that she engaged in protected activity under the FCA and that an FCA claim was a "distinct possibility" when she complained to defendants, she could well rely on the evidence sought in her motion to compel.  For the foregoing reasons, the court hereby GRANTS Bryant's amended motion to compel, and ORDERS defendants to produce the materials responsive to Bryant's requests for production as phrased in her amended motion.  In light of Don Lusk's untimely death, defendants are given 30 days within which to produce the aforementioned materials.  Accordingly, defendants' motion for protective order is DENIED.

DONE this 7th day of March, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE